

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00308-CR

**ERNEST EARL WASHINGTON, JR.,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2016-1709-C2**

## MEMORANDUM OPINION

Ernest Earl Washington, Jr. was convicted of two counts of aggravated robbery and sentenced to 25 years in prison for each count. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The sentences were ordered to run concurrently.

Washington's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel advised Washington that counsel had filed the motion and brief pursuant to *Anders* and provided Washington with a copy of the record, advised Washington of his right to review the record, and advised Washington of his right to submit a response on his own behalf. Washington submitted a response. The State briefly replied to Washington's response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including voir dire, the indictment, both the guilt/innocence and punishment phases of the trial, the effectiveness of counsel, potential jury misconduct, and the court's charge. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to counsel's *Anders* brief, Washington contends the evidence was insufficient to support his conviction, jury tampering was present, and both his trial and appellate counsel were ineffective. The record does not support Washington's contentions.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503,

511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, and Washington's response, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Jury (Count I) and Judgment of Conviction by Jury (Count II), both signed on August 16, 2017.

Should Washington wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Washington is granted, and

counsel is discharged from representing Washington. Notwithstanding counsel's discharge, counsel must send Washington a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed October 17, 2018
Do not publish
[CR25]

